UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/16/08

——————————————————————— x
In re TOMMY HILFIGER SECURITIES       :   Lead Case No. 1:04-CV-07678-SAS
LITIGATION                            :
——————————————————————            :   **ELECTRONICALLY FILED**
                                      :
This Document Relates To:             :   CLASS ACTION
                                      :
        ALL ACTIONS.                  :
——————————————————————— x

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to an Order of this Court, dated July 17, 2008, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated June 18, 2008 (the "Stipulation"). Due and adequate notice having been given of the Settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      This Order and Final Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Settlement, including all members of the Class.

3.      Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Complaint, the Litigation, and all claims contained therein, including all of the Released Claims, are hereby dismissed without costs and with prejudice in full and final discharge of any and all claims belonging to Lead Plaintiffs and the other Class Members that were or could have been asserted as against each and all of the Released Parties. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, the Lead Plaintiffs, the Class and each of the Class Members. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiffs, the Class Members and the Defendants. Accordingly, the Settlement embodied in

- 1 -

the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

5.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies a Class of all Persons who purchased THC common stock between November 3, 1999 and September 24, 2004, inclusive. Excluded from the Class are: Defendants, the directors and officers of THC at all relevant times, members of their immediate families, and their legal representatives, heirs, successors and assigns, and any entity in which any Defendant has or had a controlling interest. Also excluded from the Class are any putative Class Members who timely and validly requested exclusion from the Class in accordance with the requirements set forth in the Notice of Pendency and Proposed Settlement of Class Action.

6.     With respect to the Class, this Court finds for the purposes of effectuating this Settlement that: (a) the members of the Class are so numerous that joinder of all Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class; (d) the Lead Plaintiffs and Lead Plaintiffs' Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Litigation.

- 2 -

7.     Upon the Effective Date, the Lead Plaintiffs and each of the Class Members, on behalf of themselves, their heirs, successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, and regardless of whether the Lead Plaintiffs or any such Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim and Release, any distribution from the Net Settlement Fund, shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Parties and shall have covenanted not to sue the Released Parties with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting any such Released Claim, whether or not such Class Member executes and delivers the Proof of Claim and Release.

8.     All Class Members are hereby forever barred and enjoined from instituting or prosecuting any other action against the Released Parties in any court or tribunal asserting any Released Claim.

9.     Upon the Effective Date hereof, each of the Released Parties shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Class Members and their counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims, except to enforce the releases and other terms and conditions contained in the Stipulation.

10.     The distribution of the Notice of Pendency and Proposed Settlement of Class Action and the publication of the Summary Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable

- 3 -

effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, the requirements of due process, and any other applicable law.

11.    Any plan of allocation submitted by Lead Plaintiffs' Counsel or any order entered regarding the attorney fee and expense application shall in no way disturb or affect this Order and Final Judgment and shall be considered separate from this Order and Final Judgment.

12.    Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission or concession of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of any nature whatsoever of the Defendants; or (b) is or may be deemed to be or may be used as an admission or concession of, or evidence of, any fault or omission whatsoever of any of the Defendants in any civil, criminal, administrative or other proceeding in any court, administrative agency or other tribunal; or (c) is admissible in any proceeding except an action to enforce or interpret the terms of the Stipulation, the Settlement contained therein, and any other documents executed in connection with the performance of the agreements embodied therein. Defendants and/or the other Released Parties may file the Stipulation and/or this Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

- 4 -

13.    Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorney fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation and/or the Settlement.

14.    This Order and Final Judgment is a final judgment in the Litigation as to all claims among the Released Parties, on the one hand, and the Lead Plaintiffs and all Class Members, on the other. This Court finds, for purposes of Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay and expressly directs entry of judgment as set forth herein.

15.    The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to THC or to such Person that paid the Settlement Amount, then this Order and Final Judgment shall be rendered null and void to the extent provided by and in

accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: _October 15, 2008_

_____
THE HONORABLE SHIRA A. SCHEINDLIN
UNITED STATES DISTRICT JUDGE

S:\Settlement\Tommy Hilfiger.set\ORD JUDGMENT 00054680.doc

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2008, I submitted the foregoing to orders and judgments@nysd.uscourts.gov and e-mailed to the e-mail addresses denoted on the Court's Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 6, 2008.

s/ Robert M. Rothman
ROBERT M. ROTHMAN

COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

E-mail:rrothman@csgrr.com

**EXHIBIT 1**

# FIRST UNITED
*Trust & Investments*

*THLF1-
EXCL00001*

RECEIVED TS

AUG 1 5 2008

CLAIMS CENTER

August 11, 2008

In Re Tommy Hilfiger Securities Litigation
C/O Gilardi & Co. LLC
PO Box 8040
San Rafaell, CA 94912-8040

To Whom It May Concern:

We wish to be excluded from the class action as we do not have any clients that
purchased the common stock between 11/03/1999 and 9/24/2004 in a significant manner.

Thank you.

Sincerely,

Brad Bolyard
Assistant Investment Officer

## Exhibit 1



*THLF1-
EXCL00002*



RECEIVED TS

AUG 2 2 2008

CLAIMS CENTER

Hi,

I wish to exclude my-
self from this Class action
settlement, belonging to
Tommy Hilfiger Securities.

I thank you,



USA FIRST CLASS FOREVER

RECEIVED AA

AUG 2 2 2008

CLAIMS CENTER

*Tommy Hilfiger Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040



THLF1

THLF1
EXCL00003*



RECEIVED TS

AUG 2 8 2008

CLAIMS CENTER

August 25, 2008

**Tommy Hilfiger Securities Litigation**
**Lead Case No. 1:04-CV-07678-SAS**

I want to exclude myself from above captioined Class.

Paul E. Goodale &
Carol F. Tiefel Goodale
JT TEN

Purchased 25 Shares  03/06/2000

Merger Buyout 25 Shares  05/31/2006

Paul E. Goodale

Encl.  Copy Of Transaction Statement

TOTAL P.002

# A.G. Edwards & Sons, Inc.

WE CONFIRM THE FOLLOWING TRANSACTION SUBJECT TO THE AGREEMENT ON THE REVERSE SIDE.

| YOU | QUANTITY | PRICE | SECURITY DESCRIPTION | CUSIP NUMBER |
|---|---|---|---|---|
| BOUGHT | 25 | 14 1/8 | TOMMY HILFIGER CORP | |

| ACCOUNT NUMBER | 19 | TRF | MKT | OFFICE PHONE NUMBER | | SYMBOL |
|---|---|---|---|---|---|---|
| | 45 | 1 | 4 | 1 | | TOM |

M 14

X

WHEN COMMUNICATING WITH US PLEASE REFER TO YOUR ACCOUNT NUMBER

PAUL E GOODALE &
CAROL F TIEFEL GOODALE
JT TEN

FOREIGN SECURITY

| PRINCIPAL | STATE TAX | ACCRUED INTEREST | COMMISSION | SEC FEE | SERVICE CHARGE | TRADE DATE | SETTLEMENT DATE |
|---|---|---|---|---|---|---|---|
| 353.13 | | | 42.00 | | 4.00 | 03 06 00 | 03 09 00 |

UNSOLICITED

PLEASE PAY OR DEPOSIT TO YOUR ACCT: 399.13

RETAIN THIS COPY FOR YOUR TAX RECORDS

DELIVER THIS PORTION WITH YOUR REMITTANCE TO OUR LOCAL OFFICE. IF PAYMENT HAD OR FUNDS/SECURITIES SOLD BY ACCOUNT, THIS DESIGNED.

| YOU | QUANTITY | PRICE | SECURITY DESCRIPTION | CUSIP NUMBER |
|---|---|---|---|---|
| BOUGHT | 25 | 14 1/8 | TOMMY HILFIGER CORP | |

| ACCOUNT NUMBER | 19 | TRF | MKT | OFFICE PHONE NUMBER |
|---|---|---|---|---|
| | 45 | 1 | 4 | 1 |

WHEN COMMUNICATING WITH US PLEASE REFER TO YOUR ACCOUNT NUMBER

PAUL E GOODALE &
CAROL F TIEFEL GOODALE
JT TEN

PLEASE PAY FOR PURCHASE OR
DELIVER SECURITIES SOLD BY THIS DATE ▶

| SETTLEMENT DATE | | AMOUNT |
|---|---|---|
| 03 09 00 | | 399.13 |

A.G. EDWARDS & SONS, INC

CHECKS SHOULD BE MADE PAYABLE TO
A.G. EDWARDS & SONS, INC. AND SENT TO THIS ADDRESS

☐ IF CHANGE OF ADDRESS REQUIRED, PLEASE CHECK HERE AND COMPLETE REVERSE SIDE.

Paul E. Goodale

GARY IN 464

25 AUG 2008 PM 2 T

RECEIVED PR

AUG 2 8 2008

CLAIMS CENTER

Tommy Hilfiger Securities Litigation

EXCLUSIONS  Claims Administrator

c/o GILARDI & Co. LLC

P.O. Box 8040

San Rafael, CA  94912-8040

*THLF1-
EXCL00004*

RECEIVED TS

SEP 0 5 2008

CLAIMS CENTER

SUBJECT: To Whom It May Concern

DATE: 8/30/2008

RE: Tommy Hilfiger Securities Litigation

   I, Donald E. Kuhn & Beryl T Kuhn (B. Teresa), on May 22,2002 purchased thirteen shares of Tommy Hilfiger common shares of stock. There was a split shortly after the purchase resulting in ownership of 26 shares. This stock was sold as a result of a "CALL BACK" on 06/01/2006 and a 1099 was issued to us in the amount of $436.80

   This information is passed on to you to remove us to Opt ou of the Class.

Donald E. Kuhn
Beryl T. Kuhn

                                        Donald E. Kuhn



WILLIAMSPORT PA. 177
02 SEP 2008 PM 1 T

TOMMY HILFIGER SECURITIES LITIGATION
EXCLUSIONS
CLAIMS ADMIN.
C/O GILARDI &Co. LLC
P.O. Box 8040
SAN RAFAEL, CA.
94912-8040

RECEIVED TS
SEP 0 5 2008
CLAIMS CENTER

943124B040

Donald E. Kahn

*THLF1-
EXCL00005*



RECEIVED TS
SEP 0 5 2008
CLAIMS CENTER



SEPT 1ST, '08

Dear Sirs,

Please be advised that I do not wish to be part of the Tommy Hilfiger Securities Litigation, Lead Case No. 1:04-CV-07678-SAS

I purchased (Two Hundred Shares) of THC common stock but do not remember the date of purchase or date of sale.

Sincerely,

Miss Hazel P. Hesp

MIAMI FL 331

02 SEP 2008 PM 2 L

IT'S NICE TO BE ABLE TO READ,
THINK, SPEAK...
Rep. Adams, I...
power of the...

THE FIRST-CLASS FOREVER

TOMMY HILFIGER SECURITIES LITIGATION
EXCLUSIONS
CLAIMS ADMINISTRATOR
c/o Gilardi, Co. LLC
P.O. BOX 8040
SAN RAFAEL, CA 94912-8040

RECEIVED
SEP 0 5 2008
CLAIMS CENTER

9491238040 8500



*THLF1-
EXCL00006*

RECEIVED TS

SEP 0 9 2008

CLAIMS CENTER

### 13.  How Do I Get Out of the Class?

To exclude ~~yourself~~ *ME* from the Class, you must send a letter by mail stating that you want to
*Tommy Hilfiger Securities Litigation*, Lead Case No. 1:04-CV-07678-SAS. You must include your na
number, number of shares of THC common stock purchased between November 3, 1999 and Septe
the number of shares sold during this time period, if any, and the dates of such purchases and sal
exclusion request so that it is received no later than September 29, 2008 to:

*Frank Nadtman*

*Tommy Hilfiger Securities Litigation*
EXCLUSIONS
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

04-07-2000  PURCHASED  100 SHARES @ 1,001.25
04-25-2000      SOLD  100 SHARES @   733.72
                                    -227.53



DAYTONA BEACH
FL 32
03 SEP 2008 PM 1

RECEIVED A.A.

SEP 0 9 2008

CLAIMS CENTER

Tommy Hilfiger Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

Frank & Barbara Hartmann

THLF1



RECEIVED

SEP 15 2008

CLAIMS CENTER

September 13, 2008


Tommy Hilfiger Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC,
P.O. Box 8040
San Rafael, CA 94912-8040

Re:    Lead Case No. 3:04-CV-07678-SAS
       Request for Exclusion

Gentlemen:

I hereby request to be excluded from the above referenced Class Action Suit. The information
you have requested is as follows:

    Information regarding date, price, and number of shares purchased and sold was not
    permanently recorded and is not known by me at this time.

Evan C. Santistevan

The above information is confidential and is not to be shared with anyone other than those
involved in processing this exclusion request. Failure to adhere to my request may result in
litigation.

Sincerely yours,

*Evan C. Santistevan*

Evan C. Santistevan

USA FIRST CLASS FOREVER

SANTA, ANA, CA. 927

13 SEP 2008 PM 2 L

RECEIVED AA

SEP 1 5 2008

CLAIMS CENTER

*Tommy Hilfiger Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

Evan Santistevan

THLF1



*THLF1-
EXCL00008*

**R.W. & D.J. Bate**

September 3rd, 2008

RECEIVED **TS**

SEP 1 7 2008

CLAIMS CENTER

Claims Administrator
In re Tommy Hilfiger. Securities Litigation
EXCLUSIONS
C/- Gilardi & Co. LLC
PO Box 8040
San Rafael CA 94912-8040

Dear Sir/Madam,

**RE Request for Exclusion – In re Tommy Hilfiger. Securities Litigation**

We wish to be excluded from the above Class Action. Details of transactions in the Forest
Laboratories stock are:

| Date | Action | Security | Price | Shares | Invest. |
|------|--------|----------|-------|--------|---------|
| 17/06/'04 | Buy | Tommy Hilfiger Corp | 1,799.000 | 20.00 | 359.80 |
| 17/11/'04 | Sell | Tommy Hilfiger Corp | 1,230.000 | 20.00 | 246.00 |
| Loss | | | | | -113.80 |

The stock was held by our superannuation fund:

RW & DJ Bate Superannuation Fund Pty Ltd ATF
RW & DJ Bate Superannuation Fund.

Yours faithfully,

Russell W. Bate
Chairman

Dawn J. Bate
Secretary.





Tommy Hilfiger Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

RECEIVED TO
SEP 17 2008
CLAIMS CENTER

THLF1